**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRANDON S. LaVERGNE (#424229)**          **CIVIL ACTION NO.**

**VERSUS**                                  **22-470-BAJ-SDJ**

**DARREL VANNOY, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 14, 2024.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LaVERGNE (#424229)           CIVIL ACTION NO.

VERSUS          22-470-BAJ-SDJ

DARREL VANNOY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Darrell Vannoy, Joseph LaMartinaire, Rickey Sharky, and Tim Delaney.[1] The Motion is substantively a Motion seeking partial dismissal, as it only seeks dismissal of Plaintiff Brandon S. LaVergne's 14th and 8th Amendment claims arising from his stay in Closed Cell Restriction ("CCR") and does not seek dismissal of the 1st Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims.[2] The Motion is opposed.[3] Also pending before the Court are two Motions filed by Brandon S. LaVergne, seeking to amend/supplement the claims discussed herein.[4] Because the proposed amendments/supplements would in part be futile for the reasons discussed in relation to the Motion to Dismiss, the Court determined the most efficient course of action was to first handle the Motion to Dismiss.[5] It is recommended that the Motion to Dismiss,[6] which is in effect a Motion seeking partial dismissal, be granted. The Motions seeking to amend/supplement the claims will be handled by separate order.[7]

---

[1] R. Doc. 34.
[2] R. Docs. 34 & 34-1.
[3] R. Doc. 35.
[4] R. Docs. 7 & 9.
[5] Though, generally, this Court would first consider whether to grant requests for leave to amend/supplement prior to ruling on a motion to dismiss, the long and complex history of this case, coupled with the fact that, since the proposed amendments were filed, some claims have been dismissed in a related case, renders it most sensical to address the Motion to Dismiss prior to addressing whether leave to amend/supplement is appropriate.
[6] R. Doc. 34.
[7] R. Docs. 7 & 9.

I.   **BACKGROUND & PROCEDURAL HISTORY**

LaVergne instituted multiple actions with this Court pursuant to 42 U.S.C. § 1983, complaining of constitutional violations arising from his stay in solitary confinement at the Louisiana State Penitentiary, and the instant matter is an offshoot of one of those actions.[8]  For ease of reference, Civil Action No. 17-1696 will be referred to as "LaVergne I;" Civil Action No. 19-709 will be referred to as "LaVergne II;" and this action will be referred to as "LaVergne III." The following claims were severed from LaVergne II and are now before the Court for consideration: (1) due process claims regarding LaVergne's sentence to solitary confinement, allegedly without adequate procedural due process protections; (2) claims regarding the condition of solitary confinement itself; and (3) claims against Darrel Vannoy, Joseph LaMartinaire, Tim Delaney, Jimmy Cruze, Chad Oubre, Ricky Sharky, and Douglas McDonald in their official capacities arising from the religious liberty violations in solitary confinement.[9]

Without rehashing the entire histories of LaVergne's other actions, it is important to note that in LaVergne II, this Court dismissed claims (1) and (2) above, relying on the fact that those claims had already been dismissed as legally frivolous in LaVergne I and by providing reasoning independent of LaVergne I.[10]  After dismissing claims (1) and (2) In LaVergne II, the Fifth Circuit Court of Appeal reversed, in part, this Court's decision in LaVergne I.[11]  Out of an abundance of caution, due to the Fifth Circuit's ruling, the Court in LaVergne II reinstated claims (1) and (2). Since that time, claims (1) and (2) have again been dismissed by this Court in LaVergne I, and that judgment has now been affirmed by the Fifth Circuit.[12]

---

[8] *See Brandon S. LaVergne v. Douglas McDonald, et al.*, Civ. Action No. 19-709 (M.D. La.) & *Brandon S. LaVergne v. Keith Stutes, et al.*, Civ. Action No. 17-1696 (M.D. La.).  *See also* R. Docs. 1 through 1-14.
[9] R. Docs. 1, 1-1, & 1-10.
[10] R. Docs. 1-10 & 1-11.
[11] *LaVergne v. Stutes*, 2021 WL 2877789 (5th Cir. 2021).
[12] *See LaVergne v. Stutes*, 82 F.4th 433, 437 (5th Cir. 2023).

## II. LAW & ANALYSIS

### a. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[13] and *Ashcroft v. Iqbal*,[14] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[18] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[19]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint."[20] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[21] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the

---

[13] 550 U.S. 544 (2007).
[14] 556 U.S. 662 (2009).
[15] *Twombly,* 550 U.S. at 555.
[16] *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. 544).
[17] *Id.*
[18] *Id.* at 679.
[19] *Id.* at 678 (internal quotation marks omitted).
[20] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[21] *Id.* (citation omitted).

3

pleader is entitled to relief."[22] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[23] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[24] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[25]

### b. Claims (1) and (2) are Subject to Dismissal

Defendants move for dismissal of claims (1) and (2) because these claims have already been adjudicated by this Court and affirmed by the Fifth Circuit, as noted above. LaVergne argues that his due process claim regarding sham boards was not adjudicated by the Fifth Circuit, and neither was his claim that his criminal sentence to CCR violates his constitutional rights.[26] With respect to LaVergne's first argument, his due process claim was adjudicated by this Court in LaVergne I and was affirmed by the Fifth Circuit. To the extent LaVergne attempts to again place the issue regarding his criminal sentence to CCR before this Court, that issue has already been dismissed in this action and was not revived.[27] Finally, LaVergne's conditions of confinement claim regarding CCR has already been adjudicated and is subject to dismissal.

### i. The "Sham" Board Due Process Claim Has Been Adjudicated

LaVergne does not appear to understand that the analysis undertaken by this Court and the Fifth Circuit discussing whether a liberty interest has arisen as a result of his confinement in CCR *is* the first step of the analysis regarding his due process claim arising from the alleged "sham" board's denial of his release. Analysis of procedural due process also involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the

---

[22] Fed. R. Civ. P. 8(a)(2).
[23] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[24] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[25] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[26] R. Doc. 35, pp. 1-2.
[27] R. Doc. 1-10, p. 23.

4

State…the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient…."[28] Here, because the deprivation is not for life or property, LaVergne's claims hinge on whether he has been deprived of a liberty interest without adequate procedural protections. This Court and the Fifth Circuit both stopped their analysis of LaVergne's "sham" board due process claim after step one because both courts found that LaVergne did not have a liberty interest in not being housed in CCR.[29]

> The Fifth Circuit specifically noted, in pertinent part, as follows:
>
> As to the Fourteenth Amendment, the magistrate judge correctly stated that restrictive confinement like LaVergne's is grounds for a due process claim only if it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Applying that standard, the judge properly considered the severity and duration of the confinement. The judge compared those elements of LaVergne's confinement to cases where a due process violation had been found, reasonably finding that LaVergne's conditions were not sufficiently severe to give rise to a liberty interest under *Sandin*.[30]

Accordingly, because LaVergne does not have a liberty interest in not being confined in CCR, the Court did not need to analyze the second step in the analysis—what process is due/whether the boards afford sufficient process. Thus, this claim is subject to dismissal, as it has already been determined that LaVergne's due process claim fails at the first step in the analysis.[31]

### ii. LaVergne's Challenge to the "Reason" He is in CCR is Not a Live Claim in this Action and was Dismissed by the Fifth Circuit in LaVergne I

---

[28] *Kentucky Dept. of Corrections v. Thompson*, 409 U.S. 454, 460 (1989).
[29] *See LaVergne v. Stutes*, 82 F.4th 433 (5th Cir. 2023).
[30] *Id.* at 436.
[31] Not only does the rationale articulated by the Fifth Circuit stand in this case, rendering the claims subject to dismissal, but the claims are also subject to dismissal as duplicative and malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit.").

LaVergne opposes the Motion arguing that "the court did <u>not</u> address the reason I was and am in CCR," which according to LaVergne is due to his original plea deal and the "racist intent of the state actors."[32] The Fifth Circuit was clear on the first appeal of LaVergne I that those claims "are barred by *Heck*," and this Court, in LaVergne II, from which this action stems, already dismissed LaVergne's claims to the extent he complained of an illegal sentence to CCR, and that claim has not been revived.[33]

### iii. The Conditions of Confinement Claim is Subject to Dismissal

In LaVergne II, this Court dismissed and then reinstated claims regarding whether the conditions of CCR constitute cruel and unusual punishment under the Eighth Amendment due to the Fifth Circuit's reversal of the dismissal of the same claims in LaVergne I.[34] Those claims have now again been dismissed in LaVergne I on different bases, and that dismissal has been affirmed by the Fifth Circuit.[35] Since the conditions of CCR alleged in the LaVergne I complaint and analyzed by the Fifth Circuit are the same conditions complained of herein, this claim should be dismissed as duplicative.[36] Not only are the claims duplicative, but because the Fifth Circuit held

---

[32] R. Doc. 35, pp. 1-2.
[33] *See* R. Docs. 1-10 & 1-11.
[34] *See* R. Docs. 1, 1-10, & 1-11.
[35] *See LaVergne v. Stutes*, 82 F.4th 433, 437 (5th Cir. 2023) (district court committed no reversible error finding that restrictions on visiting privileges, email access, and confinement in a cell for 23 hours per day did not violate the Eighth Amendment).
[36] The conditions of CCR described in LaVergne I include confinement of 23 hours per day to a cell, restrictions on visitation and email, restrictions on outdoor recreation, and use of restraints. *See* LaVergne I, R. Doc. 130. In LaVergne II, the conditions complained of included that were dismissed on the basis of the first reversal of LaVergne I included the following: (1) being housed in a single-man cell 23 hours per day; (2) three days of recreation per week; (3) only allowed two visits per month; (4) use of restraints; and (5) lack of email and limitations on phone calls. *See* R. Doc. 1-10, p. 22. The conditions complained of are identical, and do not rise to the level of an Eighth Amendment violation as described both in LaVergne I and LaVergne II. Separate from LaVergne I, this Court in LaVergne II underwent a detailed analysis of the Eighth Amendment conditions of confinement claims finding they were subject to dismissal. *See* R. Doc. 1-10 & 1-11. Out of an abundance of caution, those claims were reinstated, but now those claims are again subject to dismissal for the same reasons as previously stated by this Court in LaVergne I and II and by the Fifth Circuit.

6

that the conditions of LaVergne's confinement do not violate the constitution, they are subject to dismissal on the substance of the claims as well.

### c. The RLUIPA and 1st Amendment Claims for Injunctive Relief Remain in This Action

LaVergne correctly argues that the RLUIPA and 1st Amendment claims were not dismissed by the Fifth Circuit,[37] but Defendants have not moved for dismissal of these claims. Further, those claims already survived the screening conducted pursuant to 28 U.S.C. § 1915A in LaVergne II before they were severed into this action, so those claims have been pled adequately to survive a motion to dismiss.

However, the Court does have one "loose end" to tie up, and that is the fact that a Motion to Reinstate claims filed in LaVergne II was deferred, in part, for consideration in this action.[38] The only part of the Motion left to be considered is whether LaVergne should be permitted to seek monetary damages against Vannoy for violations of his First Amendment rights and if Timothy Hooper may be added as a defendant.[39] The addition of Hooper will be handled via separate order, considering that LaVergne has moved in this action to amend to add Hooper as a Defendant.[40] In the original complaint,[41] with respect to the First Amendment and RLUIPA claims, LaVergne requested injunctive relief and stated "no damages with this claim."[42] However, in the Motion to Reinstate claims, LaVergne also requests monetary relief for his First Amendment claims against Darrel Vannoy in his individual capacity.[43] LaVergne should be allowed to state this claim.[44]

---

[37] R. Doc. 35, p. 1.
[38] R. Doc. 1-1.
[39] R. Doc. 1-12.
[40] R. Doc. 7.
[41] R. Doc. 1-2.
[42] R. Doc. 1-2, p. 24.
[43] R. Doc. 1-12, pp. 1-2.
[44] Considering the liberal pleading standards to be afforded to *pro se* plaintiffs and the leniency provided in this circumstance by Federal Rule of Civil Procedure 15, it is appropriate to allow this amendment.

7

Finally, in screening the original complaint, in LaVergne II, the Court allowed the injunctive relief claims for violations of the First Amendment to proceed against Defendants in both their individual and official capacities; however, injunctive relief is only appropriate against the Defendants in their official capacities.[45] Accordingly, the First Amendment claims for injunctive relief against Defendants in their individual capacities are subject to dismissal.[46]

## RECOMMENDATION

**IT IS RECOMMEND** that the Motion to Dismiss[47] filed by Defendants, which is in effect a Motion seeking partial dismissal, be **GRANTED** and that all of Brandon S. Lavergne's Fourteenth Amendment due process claims and Eighth Amendment claims arising from his confinement in CCR, as well as LaVergne's claims for injunctive relief against Defendants in their individual capacities, be **DISMISSED WITH PREJUDICE** and that this matter be referred back to the undersigned for consideration of LaVergne's remaining claims (LaVergne's claims for injunctive relief against Defendants in their official capacities arising under RLUIPA and the First Amendment for the restrictions on his ability to exercise his religion).

**IT IS FURTHER RECOMMENDED** that to the extent the Motion to Reinstate Claims[48] was deferred for consideration in this case that it be **GRANTED IN PART**, permitting LaVergne

---

[45] *See Grady v. El Paso Community College*, 979 F.2d 1111, 1113 (5th Cir. 1992); *Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (noting that the injunctive relief sought, which included expungement of a portion of a written reprimand, could only be obtained by the defendants in their official capacities); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (claim for injunctive relief against a state official only available against the official in his or her official capacity).

[46] The Court possesses the inherent authority to dismiss a party or expand upon the grounds for dismissal urged by movants if the adverse parties receive notice and a chance to respond. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). This Report and Recommendation provides adequate notice to Plaintiff. *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). The Court also has the authority to dismiss claims in this action pursuant to 28 U.S.C. § 1915A.

[47] R. Doc. 34.

[48]

8

to amend his Complaint to state a claim for monetary relief against Darrel Vannoy in his individual capacity for violations of LaVergne's First Amendment rights.

    Signed in Baton Rouge, Louisiana, on February 14, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**