UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LaVERGNE (#424229)         CIVIL ACTION NO.

VERSUS                                22-470-BAJ-SDJ

DARREL VANNOY, ET AL.

### ORDER

Before the Court are two Motions seeking to amend/supplement the claims in this action filed by Plaintiff Brandon S. LaVergne.[1] The first Motion will be granted in part and denied in part, and the second Motion will be denied.[2]

Federal Rule of Civil Procedure 15(a) provides the standard by which the Court must evaluate a motion to amend pleadings. In determining whether to grant leave, a court may consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[3]

In the recently issued Report and Recommendation,[4] the undersigned has recommended dismissal of all claims except LaVergne's claims arising under the First Amendment and RLUIPA, which allege that he has been denied the right to practice his religion and for which he seeks injunctive relief against all Defendants in their official capacities and monetary relief against Darrel Vannoy in his individual capacity.[5] Accordingly, LaVergne's first request to amend will be

---

[1] R. Docs. 7 & 9.
[2] R. Docs. 7 & 9.
[3] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).
[4] R. Doc. 37.
[5] The undersigned also recommended the Court dismiss LaVergne's claims for injunctive relief against Defendants in their individual capacities and allow LaVergne to state a claim against Vannoy in his individual capacity for monetary relief.

granted in part and denied in part because LaVergne seeks to amend with respect to claims that are recommended for dismissal, and LaVergne's second request to amend will be denied because it relates solely to claims that are recommended for dismissal.

To the extent the first request to amend involves facts regarding "Sham CCR Review Boards" it has been recommended this claim be dismissed, so the request to amend is denied.[6] To the extent the recommendation is not adopted, LaVergne may reurge his request. Related thereto, LaVergne's second request to amend is denied because it only involves his complaints regarding the CCR review boards.[7] To the extent LaVergne seeks relief related to his "studies" to become an ordained minister, this Court already dismissed those claims, and they were not revived, so LaVergne is not entitled to amend his complaint with respect to those claims[8]

LaVergne also requests to amend his complaint to add Defendants, including Timothy Hooper, Tracy Falgout, Shannon Demars, and Amber Vittorio.[9] Presumably, LaVergne seeks to add these Defendants because they now serve in the roles that Defendants previously named served in[10] because LaVergne only seeks injunctive relief against all Defendants except Vannoy, so he is, in effect, suing the positions held by the individual Defendants, rather than the individuals themselves. For example, Darrel Vannoy was sued in his position of head warden of LSP. The Court is aware that Timothy Hooper is now the head warden of LSP. Pursuant to Federal Rule of Civil Procedure 25(d), the current Warden of the Louisiana State Penitentiary, Timothy Hooper,

---

[6] R. Doc. 7.
[7] R. Doc. 9.
[8] R. Doc. 1-10, pp. 27-28 (noting that LaVergne has no right to attend educational programs).
[9] R. Doc. 7, p. 3.
[10] To the extent LaVergne seeks to add Vittorio to this action for denying his ARP, the proposed amendment is denied as futile because he has no right to have his prison grievances properly investigated, handled, or favorably resolved. *See Mahogany v. Miller,* 252 Fed.Appx. 593, 595 (5th Cir. 2007).

was substituted by operation of law as a defendant for LaVergne's injunctive relief claims when he assumed the role of Warden.[11]

With respect to the other Defendants LaVergne seeks to add, it is unclear who these Defendants are intended to substitute.[12] Accordingly, LaVergne shall file a notice *clearly* stating which current Defendants, which include Tim Delaney, Joseph LaMartinaire, Jimmy Cruze, Chad Oubre, Ricky Sharky, and Douglas McDonald, are to be replaced by the new proposed Defendants.[13] As noted, to the extent the new proposed Defendants have stepped into roles previously held by other Defendants, no amended complaint is necessary because the substitution takes place as a matter of law, though the appropriate Defendants to be replaced and by whom must still be identified.

As noted above, the Court recognizes that Hooper has taken the place of head warden, so LaVergne need not update the Court regarding that position. Accordingly, to the extent the proposed amended complaint seeks to add new Defendants, it will be denied.[14] To the extent LaVergne updates the facts regarding the claims remaining in this action, including the fact that he has "not been allowed to attend a single interfaith chapel service since [he has] been at Camp C" and that he has "been allowed to attend 3 or 4 catholic cases in the entire year [he has] been [there],"

---

[11] *See Jiles v. McCain*, No. 20-282, 2022 WL 807034, at n. 1 (W.D. La. Feb. 23, 2022) (noting that the current warden was substituted for the former warden by operation of law), citing Fed. R. Civ. P. 25(d); *Kentucky v. Graham*, 473 U.S. 159, 166 n. 11 (1985); *Aschan v. Auger*, 861 F.2d 520, 521 n. 2 (8th Cir. 1988); *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1341-42 (5th Cir. 1981); *Muslow v. Board of Supervisors of Louisiana State University*, 2020 WL 4471647, * 11 (E.D. La. 2020).

[12] To the extent LaVergne wishes to seek monetary relief against any Defendants other than Vannoy, he should make that clear through an amended complaint. Otherwise, the only claims against all Defendants other than Vannoy are for injunctive relief.

[13] The Court recognizes that multiple Defendants have retired (*see* R. Doc. 13) and have undoubtedly been replaced by other individuals, but the Court has no way of knowing who the new appropriate individuals are for injunctive relief.

[14] To the extent LaVergne seeks to add truly new Defendants who have not assumed the roles of Defendants previously named, he should file a new Motion for Leave to Amend and specifically state facts implicating Defendants in the constitutional violations.

and the allegations related to those claims, his amendment will be allowed.[15]  Additionally, to the extent that LaVergne asserts facts indicating the level of security risk he poses, because those claims may be relevant to the analyses required for the First Amendment and RLUIPA claims, those amendments will be allowed.[16]  LaVergne's additional facts regarding lack of chaplain access will also be permitted, but, as noted above, his claims regarding educational programs have been dismissed, so to the extent the amendments seek to expand upon facts related to classes available to LaVergne, or the lack thereof, amendment is not allowed.[17]

LaVergne will also not be permitted to amend his action to state facts regarding deliberate indifference arising from the treatment of his sleep apnea[18] because that claim would be improperly cumulated in this action.[19]  If LaVergne wants to raise wholly new claims, he must do so in a new action.

LaVergne's second request to amend will be wholly denied because it only seeks to expand upon facts related to the "sham" boards and alleged lack of meaningful review for release from

---

[15] R. Doc. 7, pp. 3-4.
[16] LaVergne points out facts such as that he is allowed to go to the visiting room with general population and eat with general population.  R. Doc. 7, p. 4.
[17] R. Doc. 7, p. 5.  To the extent LaVergne claims that state law "makes faith based programs…mandatory," such a claim arises under state law, and LaVergne will not be permitted to add state law claims to this action, as the Court would decline to exercise supplemental jurisdiction over those claims.  LaVergne should proceed to state court with any state law claims he has.
[18] R. Doc. 7, pp. 13-15.
[19] Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party."  However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."  Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.  Rule 20 allows multiple defendants to be joined in one suit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action."  On the other hand, if the claims arise out of different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.  *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

CCR, and it has been recommended that these claims be dismissed.[20] If the recommendation is not adopted, LaVergne may reurge his request.

**IT IS ORDERED** the Motion for Leave to Supplement and Amend[21] is **GRANTED IN PART AND DENIED IN PART**—only the facts related to the First Amendment and RLUIPA claims, as noted above, are permitted to proceed.

**IT IS FURTHER ORDERED** that the Motion to Supplement with Affidavit of Truth[22] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to update the docket sheet to add Timothy Hooper as a Defendant and to issue Summons as to Defendant Timothy Hooper.[23]

**IT IS FURTHER ORDERED** that Brandon S. LaVergne shall file a Notice with this Court by March 6, 2024, stating which Defendants no longer serve in the capacity in which they served (*i.e.*, Lieutenant Warden, Assistant Warden, etc.) when this suit was filed for purposes of injunctive relief and provide the names of the individuals who now serve in the respective roles.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall serve Defendant Timothy Hooper, current Warden of the Louisiana State Penitentiary, wherever found.[24]

Signed in Baton Rouge, Louisiana, on February 14, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 9.
[21] R. Doc. 7.
[22] R. Doc. 9.
[23] LaVergne already requested service in this case and paid the required deposit. He also requested service again in R. Doc. 7. *See* R. Doc. 7, p. 16.
[24] For service to be effected, LaVergne must properly complete a USM-285 form for Timothy Hooper and return it to the United States Marshal's Service.