# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LaVERGNE (#424229)**  CIVIL ACTION NO.

**VERSUS**  22-470-BAJ-SDJ

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 13, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LaVERGNE (#424229)       CIVIL ACTION NO.

VERSUS                               22-470-BAJ-SDJ

DARREL VANNOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court because Plaintiff Brandon S. LaVergne failed to timely effect service on all remaining Defendants, with the exception of Darrel Vannoy and Ricky Sharky. Accordingly, it is recommended that Defendants Douglas McDonald, Donnie Bordelon, Unknown Magee, Ken Gremillion, Shannon Demars, Terry Bordelon, Rachel Ambeau, and Anne Marie Easley be dismissed with prejudice for failure to serve under Fed. R. Civ. Proc. 4(m) and pursuant to 28 U.S.C. § 1915A because the claims for injunctive relief against these Defendants are duplicative.

### I. BACKGROUND

This case was opened on July 13, 2022, as a result of claims being severed from another action.[1] On March 31, 2023, this Court ordered service by the United States Marshal Service.[2] Summonses were issued that same day.[3] Since that time, Defendants have been replaced numerous times because most claims in this action are for injunctive relief only, and, as such, LaVergne's claims are against the office, not the Defendants individually, and officers at LSP change positions

---

[1] R. Doc. 1.

[2] *See* R. Doc. 4.

[3] R. Doc. 5.

frequently.[4] On July 15, 2025, this Court was clear that all of the appropriate Defendants should be served within forty-five days of the date the order was signed, making the service deadline August 29, 2025.[5] The Court warned that "any unserved Defendants **shall** be dismissed from this action," if they are not served by that deadline.[6] On August 22, 2025, LaVergne filed a Motion requesting an extension of time for service, yet to this date, over five months later, the remaining unserved Defendants remain unserved, even after the *de facto* extension of time LaVergne was given. The only claims remaining in this case are LaVergne's claims for injunctive relief against Defendants in their official capacities arising under RLUIPA and the First Amendment for the restrictions on his ability to exercise his religion, and LaVergne's claim against Darrel Vannoy in his individual capacity for monetary relief for First Amendment violations.[7]

## II. LAW AND ANALYSIS

### a. Dismissal for Failure to Serve

Fed. R. Civ. P. 4(m) provides for the dismissal of an action without prejudice if a plaintiff fails to serve the defendant within 90 days of the filing of the complaint. However, if a plaintiff shows good cause for the failure to serve the defendant within the 90-day period, the court must extend the time for service for an appropriate period. To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[8] Whether a plaintiff has made a showing of good cause "is necessarily fact-sensitive" and depends on the particular

---

[4] The only individual capacity claim for monetary relief in this action is against Darrel Vannoy, who has been served. *See* R. Docs. 37, pp. 9-10; 56.

[5] R. Doc. 91.

[6] R. Doc. 91, p. 5.

[7] R. Doc. 37, pp. 9-10 & R. Doc. 56.

[8] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969).

circumstances of the case.[9] "Good cause" requires "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] Good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.[11] If the plaintiff fails to show good cause, the court may, in its discretion, dismiss the case without prejudice or grant a further extension of time.[12]

Service was ordered in this case nearly three years ago. However, as stated above, because the claims in this case are for injunctive relief, the claim is against the office, not the person. It is clear that lower-level officer positions change frequently, which has caused a virtual rotating door of necessaru substitutions of Defendants. Due to the frequent changes in who may be a proper Defendant for injunctive relief, and because LaVergne has taken long periods to serve Defendants, service has not been effected in this case against some Defendants in nearly three years.

The long periods of inaction by LaVergne, such as the latest period from July 15, 2025, to present, during which time LaVergne took no apparent steps to remedy defects in service, with the exception of filing a Motion seeking to extend the time for service, prevents a finding of good cause in this case.[13] Even where there is not good cause, an extension may be warranted "if the applicable statute of limitations would bar the refiled action."[14] As explained below, because

---

[9] Lindsey v. United States Railroad Retirement Board, 101 F.3d 444, 446 (5th Cir. 1996).

[10] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013), citing *Winters,* 776 F.2d at 1306.

[11] *Id*.

[12] *Hunter v. Goodwill Industries*, No. 05-2698, 2006 WL 1968860, at *1 (E.D. La. July 13, 2006), citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint."

[13] "[O]nce such a plaintiff is aware of possible defects in service of process, he must attempt to remedy them.'" *Ellibee v. Leonard*, 226 Fed.Appx. 351, 358 (5th Cir. 2007), citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

[14] *Milan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008), citing Fed. R. Civ. P. 4(m) advisory committee's note (1993).

Vannoy and Sharky are named and served Defendants for injunctive relief, LaVergne will not suffer prejudice due to the dismissal of the remaining superfluous Defendants. Rather, dismissal of the individuals who fill lower-level offices will finally allow this case to exit the never-ending merry-go-round it has been on and proceed so LaVergne can pursue any injunctive relief to which he is entitled.[15]

### b. Dismissal of Claims under § 1915A

Even if the claims were not subject to dismissal for failure to serve, they may be dismissed pursuant to § 1915A. Under 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Screening under § 1915A is conducted before service of process and dismissal is proper as to any claim that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[16]

To determine whether the complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[17] This means that the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim

---

[15] At some point, Vannoy was replaced as Warden by Donnie Bordelon, but Vannoy has since returned as Warden.

[16] *See* 28 U.S.C. §1915A.

[17] *Plascencia-Orozco v. Wilson*, 773 Fed.Appx. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[18] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

Courts have, under Rule 12(b)(6), dismissed claims for injunctive relief that are duplicative, as a result of more than one named defendant being able to grant the injunctive relief requested, and only one of those defendants being required for injunctive relief to be provided.[21] Such is the case here. LaVergne has named and served Darrel Vannoy, who is the Warden of LSP.[22] If any Defendant can provide injunctive relief related to religious services at LSP, it is the Warden, rendering the other Defendants superfluous. Accordingly, they should be dismissed with prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED** that the unserved Defendants, Douglas McDonald, Donnie Bordelon, Unknown Magee, Ken Gremillion, Shannon Demars, Terry Bordelon, Rachel Ambeau, and Anne Marie Easley, be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. Proc. 4(m) for failure to timely serve and as superfluous and duplicative under 28 U.S.C. § 1915A. A scheduling order shall follow a ruling regarding this Report and Recommendation.

---

[20] *Id.*

[21] *See Ramos v. City of San Antonio*, No. 05-500, 2005 WL 3046245, at *3 (W.D. Tex. Nov. 3, 2005) (dismissing claims against certain defendants in their official capacity for injunctive relief pursuant to Rule 12(b)(6) as duplicative and not necessary to ensure that the plaintiffs received adequate injunctive relief); *Jackson v. Marion Cnty. Sheriff's Dep't,* 67 F.3d 301 (7th Cir. 1995) (claims against officers in their official capacity properly dropped by district court because the identical claim could still be pursued against another defendant). Though cases generally dismiss individual defendants when a board or some other entity can provide the requested relief, the same logic dictates that the lower-level officers in this case may be dismissed since the Warden of the penitentiary can certainly provide injunctive relief related to anything occurring at the prison where he is the Warden.

[22] R. Doc. 1-2, p. 24.

**ORDER**

Considering the foregoing, **IT IS ORDERED** that the Motion for Extension of Time for Service and Service Order is **DENIED** without prejudice to refiling should the recommendation not be adopted.

Signed in Baton Rouge, Louisiana, on February 13, 2026.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**